**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE PRESS COALITION'S MOTION FOR ACCESS TO COMMUNITY SERVICE RECORDS | Case No. 21-mc-155-RCL |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE PRESS COALITION'S
MOTION FOR ACCESS TO COMMUNITY SERVICE RECORDS**

The Press Coalition respectfully submits this reply memorandum in further support of its motion for access to records reflecting how Capitol riot Defendant Anna Morgan-Lloyd has completed the 120 hours of community service that this Court ordered her to perform as a condition of her probation (the "Community Service Records"). The Government has stated that it "takes no position on the Press Coalition's motion and defers to the judgment of the Court." *See* Gov't's Resp. to Press Coalition's Mot. for Access to Cmty. Serv. Records, *United States v. Morgan-Lloyd*, No. 21-cr-164-RCL (D.D.C. Dec. 20, 2021), Dkt. 32. Defendant Morgan-Lloyd, however, objects to access on the grounds that (1) "Information in Probation records, including the information sought by the 'Press Coalition' is collected with the understanding the information is confidential and available only to the Court"; and (2) "Release of probation records to an outside party is a violation of the privacy rights of the parties and is an intrusion into the restricted relationship among the Office of U.S. Probation, a defendant and the Sentencing Judge." *See* Resp. at 1, *United States v. Morgan-Lloyd*, No. 21-cr-164-RCL (D.D.C. Dec. 22, 2021), Dkt. 33.[1]

Defendant does not dispute, and thus concedes, that the Community Service Records are judicial records and that the Court should therefore apply the familiar six-factor *Hubbard* test to

---

[1] Defendant "objects to release of any Probation Records or Pre Sentence Probation Records," *see* Resp. at 1, but the Press Coalition does not seek access to presentence records.

determine whether Defendant has overcome the presumption of access to such records, as is her burden.  *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a [non-moving party] files an opposition to a dispositive motion and addresses only certain arguments raised by the [movant], a court may treat those arguments that the [non-moving party] failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).  Defendant also does not dispute, and likewise concedes, the Press Coalition's arguments on *Hubbard* factors 1 (the need for public access), 2 (the extent of previous public access), 5 (the possibility of prejudice from access) and 6 (the purposes for which the records were introduced), namely that factors 1, 5, and 6 all support access and that factor 2 is neutral.

Defendant's unsupported and conclusory argument that the Community Service Records are private and confidential thus relates only to *Hubbard* factor 3 (the existence and identity of an objector) and 4 (the strength of any asserted privacy or property rights).  But as this Court has stated with respect to factor 3, the fact that a defendant alone objects to disclosure makes the case for access stronger, not weaker.  *See United States v. Munchel*, 2021 U.S. Dist. LEXIS 194604, at *15 (D.D.C. Oct. 8, 2021) ("[W]here, as here, the only party to object is the defendant, courts in this district have concluded that this factor weighs in favor of disclosure.") (citing *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841, at *19-20 (D.D.C. Mar. 17, 2021) and *In re Application for Access to Certain Sealed Video Exhibits*, 2021 U.S. Dist. LEXIS 122124, at *13 (D.D.C. June 30, 2021)).  Factor 3, like factors 1, 5, and 6, therefore squarely supports access.

On factor 4, while Defendant asserts that information in the Community Service Records is private and confidential, she does not and cannot claim any "possibility of 'public humiliation and degradation' that would 'constitute an unconscionable invasion of privacy' to innocent third

persons," which is the interest that factor 4 principally protects.  *See Munchel*, 2021 U.S. Dist. LEXIS 194604, at \*16 (quoting *In re Application of NBC*, 653 F.2d 609, 620 (D.C. Cir. 1981)). Factor 4 therefore also weighs in favor of access.  Moreover, the Press Coalition has noted that any legitimately private information in the Community Service Records (although Defendant does not point to any specific information at all) can be redacted.  *See* Mot. at 12 (citing *In re Nichter*, 949 F. Supp. 2d 205, 210 (D.D.C. 2013)).  Defendant does not dispute and therefore concedes that proposition as well.  *See Hopkins*, 284 F. Supp. 2d at 25.

    In sum, five of the six *Hubbard* factors favor disclosure of these judicial records, and one is neutral.  The Court should therefore grant the Press Coalition's motion and release the Community Service Records.

Dated:  December 24, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*